## ANDREW J. RICHARDS

### *v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Springfield September 30, 1881.*

1. PRACTICE—APPEAL—*reviewing controverted questions of fact.* In a suit to recover a penalty for obstructing an alleged highway, depending upon the question of fact whether land at the place obstructed had been dedicated for a public road, this court, on appeal or error, is concluded by the finding of facts by the Appellate Court, and can only review questions of law properly preserved in the record.

2. SAME—*allowing security for costs after motion to dismiss.* There is no error in allowing a plaintiff in an action upon a penal statute to file security for costs after a motion to dismiss the suit for want of such security.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Cass county; the Hon. CYRUS EPLER, Judge, presiding.

Mr. James M. Epler, for the appellant.

Mr. Richard W. Mills, for the People.

Mr. Justice Mulkey delivered the opinion of the Court:

This was an action originally brought before a justice of the peace, against appellant, to recover a penalty imposed by the statute for the obstruction of an alleged highway. There was a recovery before the justice, the fine being fixed at five dollars. The defendant thereupon appealed to the circuit court, where the case was tried again, resulting in the same way. Appellant being still dissatisfied with the conclusions reached on the other trials, appealed to the Appellate Court for the Third District, where the judgment of the circuit court was affirmed, and he now brings the case here for review.

On the trial in the circuit court the whole controversy was confined to the single inquiry whether Harvey Richards, the ancestor of appellant, and through whom the latter claims, in in his lifetime, as a matter of fact dedicated the land over which the road in question runs, to the public, for the purposes of a highway. Appellees alleged that he did, and this was distinctly denied by the appellant, and to the issue thus formed the whole of the testimony offered on either side was directed. Both the lower courts have found this issue adversely to appellant, and the judgment of the Appellate Court upon it must be accepted as final and conclusive of the question. This court is expressly inhibited by the statute from considering it. It has been repeatedly adjudged, in cases like the one before us, this court can only review questions of law which have been preserved in some appropriate manner upon the record.

Previous to the trial in the circuit court, and while the cause was there pending, appellant entered a motion to dismiss the suit, for the reason no cost bond had been filed by

appellees previous to its commencement. Appellees thereupon filed a cross-motion for leave to then file such bond. The court allowed the cross-motion, and overruled the motion to dismiss, and this is assigned for error. We are of opinion the court was clearly right in its ruling upon these motions, and hence the alleged error is not well assigned. See sections 1 and 3 of chapter 33, and section 16 of chapter 79, of Hurd's Statutes of 1877, pages 295, 610.

It is also urged that the circuit court erred in the admission and exclusion of testimony. This assignment of error is wholly abandoned on the argument, and we see nothing in the record to warrant us in the conclusion that it has any foundation in fact.

These are the only errors of law complained of which are of sufficient importance to demand serious consideration at our hands. The rulings of the court seem to have been strictly correct upon all the questions presented by the assignment of errors, which we are permitted to review.

*Judgment affirmed.*